05 CA 12298 MLW

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| v. | ) Civ. Action No. |
| AXXON CAPITAL, L.P. | ) |
| Defendant | ) |

FILED
CLERKS OFFICE
2005 NOV 17 A 11:31
U.S. DISTRICT COURT
DISTRICT OF MASS.

05 12298 MLW

RECEIPT # _____
AMOUNT $ NA
SUMMONS ISSUED 1
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 11/17/05

**COMPLAINT FOR RECEIVERSHIP, PERMANENT INJUNCTION
AND MONEY JUDGMENT**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

MAGISTRATE JUDGE MBB

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Axxon Capital, L.P., (hereinafter "Axxon") is a Delaware limited partnership.

4. Axxon maintains its principal office and/or principal place of business at

30 Franklin Street, 4th Floor, Boston, Massachusetts, 02110. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Axxon was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on November 3, 2000, SBA License No. 01/71-0382, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Axxon Capital Advisors, LLC, a Delaware limited liability company, is the general partner of Axxon Capital, LP.

7. Axxon's Articles of Limited Partnership submitted to SBA expressly provide that Axxon was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

8. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

9. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

10. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any

Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

11. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Axxon through the purchase of the following participating securities totaling $11,045,000:

| Certificate Number | Amount | Date | Rate of Prioritized Payment |
| --- | --- | --- | --- |
| 02038051-04 | $3,000,000 | 2/06/01 | 6.640% |
| 02038052-02 | $2,000,000 | 4/13/01 | 6.344% |
| 02038053-00 | $1,750,000 | 7/30/01 | 6.344% |
| 02038054-08 | $1,750,000 | 8/27/01 | 6.030% |
| 02038055-07 | $ 500,000 | 9/06/01 | 6.030% |
| 02038056-05 | $ 500,000 | 12/17/01 | 6.030% |
| 02038057-03 | $ 250,000 | 1/22/02 | 6.030% |
| 02038058-01 | $ 500,000 | 4/15/02 | 5.199% |
| 02038059-10 | $ 350,000 | 5/10/02 | 5.199% |
| 02038060-02 | $ 260,000 | 8/21/02 | 4.524% |
| 02038061-10 | $ 185,000 | 2/25/03 | 5.136% |

(hereinafter referred to collectively as the "Participating Securities"). As of July 30, 2005, the outstanding Participating Securities balance was $7,320,000.

12. The Participating Securities are expressly subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1820 through 1850 (2000-2005 Editions).

13. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2005), provides that a condition of capital impairment is an event of default. Section 107.1830

3

(c) of the Regulations, 13 C.F.R. § 107.1830 (c) (2005) further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 60%.

14. Based upon Axxon's financial statements as of March 30, 2005, SBA determined that Axxon had a condition of capital impairment as its capital impairment percentage exceeded 85%.

15. By letter dated June 1, 2005 (the "Notice of Violation"), SBA directed Axxon to cure its condition of capital impairment within 15 days.

16. In the Notice of Violation, SBA further informed Axxon that Axxon would be placed in restricted operations if Axxon failed to cure its condition of capital impairment within the period specified by SBA.

17. By letter dated June 6, 2005, Axxon acknowledged its condition of capital impairment.

18. Axxon failed to cure its condition of capital impairment and was placed into Restricted Operations. To date, Axxon has failed to cure its condition of capital impairment.

19. SBA has determined that pursuant to Section 107.1830(b) of the Regulations, 13 C.F.R. § 107.1830(b) (2005), Axxon continues to have a condition of capital impairment over the maximum allowed by the Regulations and is therefore in violation of the Act, Regulations and the terms of the Agreement of Limited Partnership.

## COUNT ONE

### CAPITAL IMPAIRMENT AND NON PERFORMANCE OF THE REQUIREMENTS OF A PARTICIPATING SECURITY

20. Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21. Section 107.507(a) of the Regulations, 13 C.F.R. § 107.507 (2005), provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations.

22. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2005), provides that if a Licensee, such as Axxon, has a condition of Capital Impairment, it is not in compliance with the terms of its leverage.

23. Section 107.1830 (c), 13 C.F.R. § 107.1830 (c) (2005), further provides that a Section 301(c) Licensee, such as Axxon, has a condition of capital impairment if its capital impairment percentage exceeds 60%.

24. Based upon Axxon's financial statements as of March 30, 2005, SBA determined that Axxon had a condition of capital impairment in excess of eighty-five (85) percent.

25. To date, Axxon has failed to cure its condition of capital impairment.

26. Axxon's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, which relief includes injunctive relief and appointment of SBA as Receiver of Axxon.

## COUNT TWO

## VIOLATION OF CONDITIONS OF RESTRICTED OPERATIONS

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. By letter dated June 1, 2005, SBA informed Axxon that if Axxon did not cure the violations of the Regulations described in the letter within fifteen (15) days, Axxon would be placed into Restricted Operations.

29. By letter dated June 6, 2005, Axxon acknowledged its condition of capital impairment.

30. Axxon failed to cure its condition of capital impairment and was placed into Restricted Operations.

31. Section 107.1820(f)(3) of the Regulations provides that until Restricted Operations conditions are cured to SBA's satisfaction, SBA may require that all commitments from investors be funded at the earliest time(s) permitted in accordance with Licensee's Articles or Agreement of Limited Partnership.

32. By letter dated June 28, 2005, Axxon was notified that it had been transferred to liquidation status by SBA. By that same letter, Axxon was directed to immediately call the remaining unfunded commitments owed to Axxon by its limited partners.

33. To date, Axxon has failed to make a capital call for the unfunded commitments owed Axxon, which amount totals approximately $7,6720,510 in the aggregate, in violation of Section 107.1830(b) of the Regulations.

6

34. As a consequence of Axxon's violation of §107.1820(f)(3), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Axxon.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Axxon, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Axxon's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Axxon, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Axxon's noncompliance with the requirements of the Participating Securities and noncompliance and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Axxon, and all of its assets, wherever located, appoint SBA as permanent receiver of Axxon for the purpose of liquidating all of Axxon's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Axxon, as appropriate.

D. That this Court order that Axxon's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E.   That this Court grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Dated: 11/17/05    By: *Patricia M. Connolly*
Patricia M. Connolly
Assistant United States Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, MA  02210
Telephone:   (617) 748-3278
Facsimile:   (617) 748-3971

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 11/17/05    By: *Arlene M. Embrey (PMC)*
Arlene M. Embrey
arlene.embrey@sba.gov
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:   (202) 481-0324

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2005, I caused the foregoing Plaintiff's Motion for Injunctive Relief and Appointment of SBA as Receiver for Axxon Capital, LP, Memorandum in Support thereof with exhibits and proposed Order to be sent to the foregoing via first class mail, postage prepaid:

Ms. Sheryl L. Marshall
Axxon Capital, LP
30 Franklin Street
4th Floor
Boston, MA 02110

Charles R. Bennett, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108

Patricia M. Connolly

3