RECEIVED
2006 APR -7 A 10: 53

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2:06mc3294-F

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff, : | CIVIL ACTION NO. 05-ca-12298-MLW |
| v. : | |
| AXXON CAPITAL, L.P. : | |
|     Defendant. : | |

## ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as permanent, liquidating receiver for Axxon Capital, L.P. After hearings on March 15, 2006, and March 27, 2006, it is hereby OREDERED that:

    1.    Pursuant to the provisions of 15 U.S.C. § 687c, this Court takes exclusive jurisdiction of Axxon Capital, LP ("Axxon"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed the permanent liquidating receiver ("the Receiver") of Axxon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and liquidating all of Axxon's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managing member of the general partner,



managers, officers, and directors of Axxon under applicable state and federal law and by the Charter, By-Laws, Certificate of Limited Partnership and/or Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, management company, managers, directors, officers, employees and agents of Axxon are hereby dismissed. Such persons shall have no authority with respect to Axxon's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Axxon and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, management company, managers, general partners, accountants, attorneys and employees of Axxon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Axxon Capital Advisors, LLC shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Axxon as well as the names, addresses and amounts of claims of all known creditors of Axxon. All persons having control, custody or possession of any assets or property of Axxon, including Axxon Capital Advisors, LLC, are hereby directed to turn such assets or property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, management company, employees, shareholders, creditors, debtors and agents of Axxon. All persons and entities owing any

obligations or debts to Axxon shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Axxon had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Axxon, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.  The Receiver will file a quarterly Receiver's Report with this Court, which report shall contain a description of the activities undertaken by the Receiver for that particular quarter, and shall substantiate the costs, disbursements and expenses for that particular quarter, and explain why they were reasonable. Any and all such quarterly reports filed by the Receiver will be subject to this Court's post-approval and all costs, expenses and disbursements paid by the Receiver will be subject to this Court's authority

to assess a surcharge against the Receiver for any unreasonable payments.

7. Axxon's past and/or present officers, directors, agents, managers, general partners, management company, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Axxon. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Axxon or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Axxon, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

8. Axxon and its past and/or present directors, officers, managers, management company, general partners, agents, employees and other persons acting in concert or participation with them, are enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Axxon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et

seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

9. The Receiver is authorized to borrow on behalf of Axxon, from the SBA, up to $1,000,000, and is authorized to cause Axxon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about

10 percent per annum and will have a maturity date no later than 18 months after the date of issue.

10. This Court determines and adjudicates that Axxon has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend to this Court in its final quarterly Receiver's Report filed in accordance with paragraph 5, above, that Axxon's license as an SBIC be revoked.

SO ORDERED this 30th day of March, 2006.

_____
CHIEF JUDGE, UNITED STATES DISTRICT COURT